IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Melanie Jones, | C/A No.: 3:11-2623-CMC-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Midlands Neurology & Pain Associates, P.A.; and Eleanya O. Ogbonnaya, | |
| Defendants. | |

In this employment discrimination case, plaintiff Melanie Jones ("Plaintiff") is suing her employer Midlands Neurology & Pain Associates, P.A. ("MNPA") and its managing doctor, Eleanya Ogburu-Ogbonnaya[1] ("Ogburu"), in his individual capacity (collectively "Defendants"). Plaintiff alleges the following causes of action: (1) sex discrimination claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"); (2) assault; (3) battery; (4) retaliation; (5) negligent supervision; (6) defamation; (7) failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"); and (8) wrongful termination in breach of public policy.

This matter comes before the court on Defendants' motion to dismiss and amended motion to dismiss.[2] [Entry #7, #9]. Plaintiff filed a response to the motion

---

[1] According to Defendants, the correct name for defendant is Eleanya Ogburu-Ogbonnaya and his last name is Ogburu. [Entry #7-1 at n.1].
[2] Defendant's amended motion to dismiss simply reincorporates its original motion to dismiss to apply to Plaintiff's amended complaint. As no substance has changed, the

[Entry #16], and Defendants filed a reply [Entry #20]. After considering the memoranda and the arguments of counsel at a hearing held on March 8, 2011, the undersigned recommends Defendants' motion to dismiss be denied.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). Because the motion to dismiss is dispositive, this report and recommendation is entered for the district judge's consideration.

I.   Factual Background

In her complaint, Plaintiff alleges she was hired as a phlebotomist for Defendants on December 8, 2009. Am. Compl. at ¶ 9. [Entry #9]. She alleges that she was often asked to work late, but was not paid overtime. *Id.* at ¶¶ 26–27. Plaintiff also alleges several instances of sexual harassment by Ogburu, including his inappropriately touching her and propositioning her for sex on multiple occasions including requesting that she sign an alleged "love contract."[3] *Id.* at ¶¶ 28–40. According to the complaint, as a result of Plaintiff's rejection of, and complaints about, Ogburu's advances, Defendants retaliated against her by reducing her hours. *Id.* at ¶¶ 42–46. Plaintiff was eventually terminated effective July 23, 2010. *Id.* at ¶ 52.

In their motion to dismiss, Defendants argue that Plaintiff's Title VII and retaliation claims should be dismissed because MNPA is not an employer within the meaning of Title VII. Specifically, Defendants assert that MNPA has never employed

---

undersigned reviews the motions together and refers to them as collectively as a singular motion for ease of reference.

fifteen or more employees, as required for coverage under Title VII. [Entry #7-1 at 1]. Additionally, Defendants claim Plaintiff's FLSA claim is barred because Plaintiff has accepted payment of the overtime pay due to her based on the investigation of the United States Department of Labor, Wage and Hour Division ("DOL"). *Id.* Defendants argue that the court should decline to exercise jurisdiction over the remaining state law claims. *Id.* at 2.

II. Discussion

A. Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). However, on a motion pursuant to Rule 12(b)(6), if matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d). Here, both parties have submitted affidavits and other materials outside of

---

[3] The parties have not provided a copy of the alleged love contract.

the pleadings for the court's review.[4] Therefore, the court converts Defendants' motion to dismiss to one for summary judgment.

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

B.    Analysis

1.    Plaintiff's Title VII Claims

MNPA asserts that it is not an employer pursuant to Title VII because it did not employ fifteen or more employees. In support of its argument, it attached the affidavit of its accountant Donald P. Howard and accompanying payroll records to establish that it has not employed fifteen or more employees in any week from January 1, 2009 to the

---

[4] The undersigned notes that the recommendation would be the same if the court excluded the matters outside of the pleadings and the motion remained a motion to dismiss, as the

present. [Entry #7-3]. In response, Plaintiff submitted her own affidavit indicating that Defendants had additional employees not listed on the payroll records, at least some of whom were paid "under the table." [Entry #16-2]. Specifically, Plaintiff avers that the following employees worked for MNPA during 2010 and should be considered employees, despite not appearing on the payroll records Defendants submitted: (1) a janitor named Chester; (2) Ogburu's daughters, Haniel Ogburu and/or Amartha Ogburu; (3) Mfon Essien;[5] (4) Sidara Allen (who Plaintiff avers was labeled as an independent contractor but who worked 40 hours a week in the exclusive control of MNPA); (5) employees of Assay Laboratories (who Plaintiff avers are actually under the control of MNPA). [Entry #16-2]. Defendants dispute that the above-listed persons should be considered MNPA employees for purposes of Title VII.

On a motion for summary judgment, the court cannot make credibility determinations or weigh the evidence and must draw all reasonable inferences in favor of the non-moving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Here, viewing the facts alleged in the light most favorable to Plaintiff as the court must, Plaintiff alleges a genuine dispute of material fact exists regarding whether MNPA employed more than fifteen employees in twenty or more weeks in a calendar year. Although Defendants claim Plaintiff's affidavit is insufficient because she lacks the requisite personal knowledge, Plaintiff has not been given an opportunity to conduct

---

allegations of the amended complaint are sufficient to withstand a motion to dismiss.
[5] While Plaintiff avers that Essien was a relative of Ogburu's who was working to pay off a debt to Ogburu, Defendants submit that she is a student employed with MNPA since May 10, 2011as part of a college training program.

discovery related to these matters. Therefore, Plaintiff has not had a full opportunity to dispute the facts as presented in the affidavits submitted by Defendant. *See Temkin v. Frederick County Comm'rs*, 945 F.2d 716, 719 (4th Cir. 1991) ("Summary judgment may only be entered after 'adequate time for discovery.'"). Given the disputes of fact, the undersigned recommends Defendants' motion be denied without prejudice with regard to Plaintiff's Title VII claims.[6]

    2.    Plaintiff's FLSA claim

After Plaintiff's termination, the DOL conducted a four-month audit and investigation of MNPA that resulted in a finding that Plaintiff was due unpaid wages. [Entry #7-1, #7-2]. Defendants contend that Plaintiff's FLSA claim should be dismissed because MNPA previously paid her the amount of wages DOL found was due, and Plaintiff accepted the payment by cashing the check. [Entry #7-1 at 3]. At the hearing on March 8, 2012, Plaintiff's counsel argued that although Plaintiff had cashed the check, she did not agree that such payment constituted payment in full.

The relevant portion of the FLSA states as follows:

> The Secretary is authorized to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under section 206 or section 207 of this title, and the agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have under subsection (b) of this section to such unpaid minimum wages or unpaid overtime compensation and an additional equal amount as liquidated

---

[6] To the extent that jurisdictional discovery could normally aid in assessing the strength of the parties' arguments on a motion to dismiss, the undersigned submits that, due to the nature of the allegations in this case concerning the employment of individuals (including family members) who were allegedly paid off the books, such discovery in this case is unlikely to be helpful in resolving a he said/she said argument.

damages.

29 U.S.C. § 216(c) (emphasis added). Defendants have not provided any information indicating that Plaintiff was informed of the reason for the payment when she received it or was informed or aware that accepting such payment would constitute a waiver of her rights under the FLSA. Additionally, although not necessarily dispositive of the issue, there is no indication that Plaintiff received or signed any written document memorializing such a waiver. Thus, at this time, there exists a factual dispute regarding whether Plaintiff "agreed" to accept the payment such that she has waived her rights under the FLSA. Therefore, it is recommended that Defendants' motion be denied without prejudice with regard to Plaintiff's FLSA claim.

        3.        Plaintiff's state-law claims

Because the undersigned recommends Plaintiff's motion be denied with regard to Plaintiff's claims arising under the court's original jurisdiction, there is no basis for the court to decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

III.    Conclusion

For the foregoing reasons, the undersigned recommends that Defendants' motions [Entry #7, #12], which were originally framed as motions to dismiss but have been construed as motions for summary judgment, be denied without prejudice. If the district judge accepts this recommendation, the undersigned will issue a scheduling order to govern the remainder of this case.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

May 3, 2012  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).