IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Melanie Jones, | ) | C/A No. 3:11-2623-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Midlands Neurology & Pain Associates, P.A. and | ) | |
| Eleanya O. Ogbonnaya[1] | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Through this action, Plaintiff, Melanie Jones ("Jones"), seeks recovery from her former employer, Midlands Neurology & Pain Associates, P.A. ("MNPA") and Eleanya Ogburu-Ogbonnaya ("Ogburu"), for alleged sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), and failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). Plaintiff also alleges six state law claims: assault; battery; retaliation; negligent supervision; defamation; and wrongful termination in breach of public policy.

The matter is before the court on Defendants' motion to dismiss (Dkt. No. 7) and amended motion to dismiss (Dkt. No. 12).[2] For the reasons set forth below, Defendants' motion to dismiss is denied.

**PROCEDURAL BACKGROUND**

---

[1] Defendants have indicated that Defendant Eleanya O. Ogbonnaya has been misidentified and his name is Eleanya Ogburu-Ogbonnaya.

[2] Defendants filed an amended motion to dismiss after Plaintiff filed her amended complaint. The court refers to the motion to dismiss and amended motion to dismiss collectively as a single motion.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), (g), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). The Magistrate Judge held a hearing on Defendants' motion on March 9, 2012. On May 3, 2012, the Magistrate Judge issued a Report explaining that she converted the motion to dismiss to a motion for summary judgment based on the submission and consideration of evidence outside of the pleadings, and recommending that Defendants' motion be denied. Defendants filed objections to the Report on May 21, 2012 (Dkt. No. 30), to which Plaintiff replied on June 6, 2012 (Dkt. No. 32).

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

**DISCUSSION**

The Report recommends denial of Defendants' motion for summary judgment based on the existence of genuine issues of material fact. Specifically, the Report found that Plaintiff had presented evidence to dispute Defendants' argument that MNPA is not a covered employer. The Report also found that Plaintiff had presented evidence to dispute Defendants' argument that Plaintiff waived her FLSA rights. The Report recommends that the parties proceed to general discovery and not jurisdictional discovery. The Magistrate Judge explains that "due to the nature of the allegations in this case concerning the employment of individuals (including family members) who were allegedly paid off the books, [jurisdictional] discovery in this case is unlikely to be helpful in resolving a he said/she said argument." Dkt. No. 29 at 6 n.6.

**Title VII.** Defendants object to the Report's finding that there is a genuine issue of material fact as to whether MNPA is an employer within the meaning of Title VII. According to Defendants, MNPA has never employed fifteen or more employees during the relevant time period as required for Title VII coverage.[3] In support of their motion, Defendants filed payroll records that suggest that MNPA employed less than 15 employees. Plaintiff, however, filed an affidavit in response stating that the payroll submitted by Defendants omitted employees who were either paid under the table or inappropriately categorized as independent contractors. The Report concludes that "viewing the facts alleged in the light most favorable to Plaintiff as the court must, Plaintiff alleges a genuine dispute of material fact exists regarding whether MNPA employed more than fifteen employees in

---

[3] An employer is covered under Title VII if it has 15 or more employees for each working day in each of 20 or more calendar weeks in the year of the alleged discrimination or the year prior to the alleged discrimination. *See* 42 U.S.C. §2000e(b); *see also Komorowski v. Townline Mini-Mart and Restaurant*, 162 F.3d 962, 965 (7th Cir. 1998). Plaintiff alleges that she was hired by MNPA on December 8, 2009 and was terminated on July 23, 2010. The alleged sex discrimination occurred between those dates. Defendants submitted payroll records suggesting that MNPA had between 10 and 13 employees during 2009 and 2010. Dkt. No. 7-3.

twenty or more weeks in a calendar year." The Report, therefore, recommends denial of Defendants' motion in light of this pre-discovery genuine dispute of material fact.

Defendants have not presented any new arguments in their objections but merely reargue that MNPA never employed 15 or more employees during 2009 or 2010. Defendants argue that Plaintiff's only evidence to dispute Defendants' payroll records is Plaintiff's affidavit, which rests on Plaintiff's information and belief. The court rejects Defendants' argument and finds that Plaintiffs' affidavit states that she had knowledge of employees working at MNPA that were not included on Defendants' payroll records. Defendants also argue that Plaintiff will have to prove that every person identified in her affidavit was employed by MNPA to meet the 15 employee threshold. Defendants then argue that it is "uncontested" that one of the purported employees was a full-time student in Alabama during the relevant time period. Plaintiff has not conceded this point. Neither is it clear that Plaintiff must show that all of the employees named in her affidavit were employees throughout the relevant period. The court finds that Plaintiff's affidavit raises a genuine dispute as to whether MNPA employed at least 15 employees for 20 weeks during either 2009 or 2010. The court, therefore, adopts the Report's recommendation to deny Defendants' motion as to Plaintiff's Title VII claim.

**FLSA.** Defendants also object to the Report's finding that there is a genuine issue of material fact as to whether Plaintiff waived her FLSA claim. Defendants contend that Plaintiff has received all unpaid overtime wages that were due to her. After Plaintiff's termination, the Department of Labor conducted a four-month audit and investigation of MNPA that resulted in a finding that Plaintiff was due unpaid wages. Defendants allege that MNPA paid the amount of wages DOL determined was due to Plaintiff and that Plaintiff accepted the payment by cashing the

check. According to Defendants, Plaintiff has waived any FLSA claim by accepting the payment pursuant to 29 U.S.C. § 216(c).[4] Plaintiff responds that she never signed any document in which she waived her FLSA rights.

In their objections, Defendants argue that they "presented evidence to establish the waiver." Dkt. No. 30 at 8. Defendants did not submit any waiver signed by Plaintiff. Defendants merely submitted evidence that shows payment of the wages to Plaintiff, and not evidence that she knowingly waived her FLSA rights by accepting the payment.[5] *See* Dkt. No. 7-2. The court finds that Defendants have not shown that Plaintiff waived her FSLA claim. The court, therefore, adopts the Report's recommendation to deny Defendants' motion as to Plaintiff's FLSA claim.

## CONCLUSION

For the reasons set forth above, the court adopts and incorporates the Report. The court denies Defendants' motion for summary judgment without prejudice. The court also denies

---

[4] The FLSA, 29 U.S.C. § 216(c), provides in part:
The Secretary is authorized to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under section 206 or section 207 of this title, and the agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have under subsection (b) of this section to such unpaid minimum wages or unpaid overtime compensation and an additional equal amount as liquidated damages.

[5] Plaintiff agrees that "Midlands Neurology did pay Jones and some of her co-workers during a U.S. Department of Labor ("DOL") investigation for overtime that it previously failed to pay." Dkt. No. 32 at 6. Plaintiff, however, alleges that she was not aware she was potentially relinquishing rights and that she did not receive a Form WH-58 (Receipt for Payment and Back Wages) to sign, which "would have provided notice that 'acceptance of back wages' due under the FSLA means that the employee has given up their right to bring suit." *Id.* *See Niland v. Delta Recycling Corp.*, 377 F.3d 1244 (11th Cir. 2004) ("A WH-58 is a standard form used by the DOL to inform an employee that, although he has the right to file suit under 29 U.S.C. § 216(b), acceptance of the back wages offered will result in waiver of those rights. The DOL can either authorize an employer to use the WH-58 or authorize other waiver language. *See* 29 C.F.R. § 516.2(b)(2).").

5

Defendants' request to limit discovery to the Title VII jurisdictional issue and the FLSA waiver issue.

This matter is again referred to the Magistrate Judge for further pretrial proceedings.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 17, 2012