IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Melanie Jones, ) | C/A No.: 3:11-2623-CMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Midlands Neurology & Pain Associates, ) | |
| P.A.; and Eleanya O. Ogbonnaya, ) | |
| ) | |
| Defendants. ) | |
| ) | |

In this employment discrimination case, Melanie Jones ("Plaintiff") is suing her former employer Midlands Neurology & Pain Associates, P.A. ("MNPA") and its managing doctor, Eleanya Ogburu-Ogbonnaya[1] ("Eleanya"), in his individual capacity (collectively "Defendants"). Plaintiff alleges the following causes of action in her amended complaint ("Complaint"): (1) sex discrimination claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"); (2) assault; (3) battery; (4) retaliation; (5) negligent supervision; (6) defamation; (7) failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"); and (8) wrongful termination in breach of public policy. [Entry #9].

This matter comes before the court on (1) Plaintiff's motion to compel [Entry #50] the deposition of Eleanya's wife, Florence Ogburu ("Florence") and (2) Plaintiff's motion to extend the scheduling order [Entry #53]. All pretrial proceedings in this case were

---

[1] According to Defendants, the correct name for defendant is Eleanya Ogburu-Ogbonnaya and his last name is Ogburu. [Entry #7-1 at n.1].

referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.).

I.      Factual and Procedural Background

In her Complaint, Plaintiff alleges she was hired as a phlebotomist for Defendants on December 8, 2009. Compl. at ¶ 9. Among other allegations, Plaintiff also alleges several instances of sexual harassment by Eleanya, including his inappropriately touching her and propositioning her for sex on multiple occasions, including requesting that she sign an alleged "love contract." *Id.* at ¶¶ 28–40. According to the complaint, as a result of Plaintiff's rejection of, and complaints about, Eleanya's advances, Defendants retaliated against her by reducing her hours. *Id.* at ¶¶ 42–46. Plaintiff was eventually terminated effective July 23, 2010. *Id.* at ¶ 52.

On November 11, 2011, Defendants filed a motion to dismiss arguing, inter alia, that Plaintiff's Title VII and retaliation claims should be dismissed because MNPA is not an employer within the meaning of Title VII. [Entry #7] Specifically, Defendants asserted that MNPA has never employed fifteen or more employees, as required for coverage under Title VII. [Entry #7-1 at 1]. Finding that issues of fact existed regarding whether MNPA employed fifteen or more employees and regarding Plaintiff's additional claims, United States District Judge Cameron McGowan Currie denied Defendants' motion to dismiss on July 17, 2012. [Entry #33]. On August 2, 2012, the undersigned issued a scheduling order that established a discovery deadline of December 28, 2012. [Entry #35].

On December 17, 2012, Plaintiff served a notice of the deposition of Florence for

December 28, 2012. Pursuant to the request of Defendants' counsel, the undersigned held a telephonic status conference on December 19, 2012. [Entry #45]. During this conference, the undersigned granted Plaintiff's oral motion to extend the scheduling order to provide the parties additional time to consult about the parameters of discovery. [Entry #45]. The undersigned also indicated that she was not inclined to allow Plaintiff to depose Florence over Defendants' objection.

On January 25, 2013, counsel again contacted chambers indicating that they could not agree on a few discovery issues, including the undersigned's previously-articulated inclination on whether Plaintiff could depose Florence. By email to counsel, chambers clarified that the undersigned indicated an inclination to grant Defendants a potential protective order for Florence's deposition. The email also indicated that the undersigned was willing to hold another telephone conference if the parties requested further clarification. Pursuant to the parties' request on February 14, 2013, the court scheduled a telephone conference for February 20, 2013. During the February 20, 2013 conference, and after hearing informal argument from both sides, the undersigned instructed Plaintiff that if she wished to pursue the deposition of Florence, she should file a motion to compel in order to allow the parties to formally brief the law and have a decision on the record. [Entry #47]. The undersigned also instructed counsel to confer about amended deadlines for the scheduling order and submit proposed dates to chambers. *Id.*

The parties next contacted chambers on May 13, 2013, indicating that they had been unable to schedule MNPA's corporate deposition until May 30, 2013. [Entry #54-1]. Although counsel for Defendants' indicated a preference to end discovery on May 31,

3

2013, Plaintiff's counsel argued that the corporate deposition "may lead to additional discovery on the issues of jurisdiction and liability." *Id.* at 2. Defendants eventually consented to Plaintiff's proposed discovery deadline of July 12, 2013, and the undersigned issued an amended scheduling order. [Entry #49].

Plaintiff filed the instant motion to compel the deposition of Florence on July 1, 2013, over four months after this court's instruction related to such a motion and with 11 days remaining in the discovery period. [Entry #50]. On July 12, 2013, Plaintiff filed a motion to amend the scheduling order to allow a discovery deadline of 30 days after the motion to compel is ruled on. For the following reasons, Plaintiff's motion to compel is denied and Plaintiff's motion to amend the scheduling order is denied as moot.

II.     Analysis

    A.     Timeliness

Defendants claim that Plaintiff's motion to compel is untimely, as it was not filed within enough time to allow its completion before the expiration of the discovery deadline. The court has a duty to limit discovery under certain circumstances:

> On motion or on its own, the court must limit the frequency or extent of the discovery otherwise allowed by these rules . . . if it determines that:
> . . .
>     (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action. . . .

Fed. R. Civ. P. 26(b)(2)(C). Under the circumstances of this case, Plaintiff has had more than ample time to address the issue of Florence's deposition. The parties first addressed the issue with the court in December 2012. The issue was clarified on February 20, 2012 when the undersigned instructed Plaintiff to file a motion to compel if she wished to

4

pursue it. However, the motion was filed over four months after the clarification and only 11 days before the discovery deadline expired. The motion was not filed within enough time for the matter to be fully briefed before the governing deadline expired. Plaintiff offers no explanation for the delay in filing the motion, but instead moved to extend the discovery deadline, which has previously been extended. Because the undersigned finds that the circumstances of this case merit the court's limiting Plaintiff's further discovery in this action, Plaintiff's motion to compel is denied. Additionally, Plaintiff's motion to extend the scheduling order is denied as moot.

      B.    Merits

Even if Plaintiff had timely sought to comple Florence's deposition, the relevance of such deposition is questionable. Plaintiff lists two reasons for seeking to depose Florence: (1) she may have information related to the number of employees MNPA employed because of her employment at MNPA; and (2) she may have knowledge about Eleanya's alleged extramarital affairs.

      1.    Florence's Employment at MNPA

Although Plaintiff argues that Florence acted as MNPA's office manager and/or administrative employee from January 1996 through the present, the testimony cited indicates only that Florence has not worked as MNPA's office manager since 2003 or in any capacity since 2009. [Entry #50-3]. Plaintiff has previously questioned MNPA's corporate representative about Florence's employment history at MNPA and has provided no reason to believe that greater information is necessary. Further, Plaintiff has provided no support for her allegation that Florence is still employed by MNPA. In light

of deposition testimony previously obtained on this issue, Plaintiff has not shown why deposing Florence might be relevant to her claim that MNPA employed fifteen employees during the time relevant to her cause of action.

        2.      Florence's Knowledge Regarding Eleanya's Extramarital Affairs

Plaintiff asserts that she is entitled to depose Florence about Eleanya's alleged extramarital affair with Elnora Christian, a former MNPA employee (and potentially unspecified others) in order to show: (1) a pattern or practice of sexual discrimination of his employees; and (2) to impeach Eleanya with regard to his testimony that he has only had one extramarital affair with an employee. [Entry #50 at 2]. During divorce proceedings involving Florence and Eleanya, Florence provided sworn testimony that Eleanya engaged in an extramarital affair with Elnora Christian. [Entry #50-4]. In his deposition of December 6, 2012, Eleanya admits to having had an extramarital affair with another employee but denies having a sexual relationship with any other staff members of his office. [Entry #50-5].

Plaintiff has not shown how this information will be material to her claims. Even if Plaintiff procures testimony confirming Florence's affidavit with regard to Eleanya's alleged extramarital affair with Elnora Christian, Plaintiff is unable to show that such information will demonstrate a pattern or practice of sexual discrimination. Evidence of sexual discrimination requires more than evidence of extramarital affairs with coworkers. Plaintiff has provided no reason to believe that Florence may have knowledge of sexual discrimination. In addition, the affidavit can stand on its own to contest Eleanya's prior testimony that he engaged in only one extramarital affair with a coworker. Therefore,

6

Plaintiff's motion would likely be denied if it had been timely presented.

III.   Conclusion

For the foregoing reason, Plaintiff's motion to compel [Entry #50] is denied and Plaintiff's motion to extend the scheduling order [Entry #53] is denied as moot.

IT IS SO ORDERED.

*Shiva V. Hodges*

August 15, 2013                                  Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge