IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Melanie Jones, | C/A NO. 3:11-2623-CMC-SVH |
| Plaintiff, | |
| | **OPINION and ORDER** |
| v. | |
| Midlands Neurology & Pain Associates, P.A. and Eleanya Ogburu Ogbonnaya, | |
| Defendants. | |

This matter is before the court on Plaintiff's complaint alleging sex discrimination, hostile work environment, and retaliation claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"); failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"); assault; battery; negligent supervision; and wrongful termination in breach of public policy.[1]

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(g), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On September 20, 2013, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment be granted in part and denied in part. The parties have filed objections to the Report and Replies to each other's objections, and this matter is ripe for resolution.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.

---

[1] Plaintiff's complaint also contained a defamation claim. This claim has been withdrawn.

1

*See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and the parties objections and replies, the court agrees with the conclusions contained in the Report. Therefore, the Report is adopted by reference in this Order as it relates to Plaintiff's Title VII claims, FSLA claims, and state law claims for assault, battery, and negligent supervision. However, the Magistrate Judge failed to make a recommendation regarding whether discharge from employment in retaliation for filing for unemployment compensation is a violation of public policy in South Carolina. Accordingly, this matter is re-referred to the Magistrate Judge for a Report and Recommendation on this issue.

### TITLE VII CLAIMS

The Report concludes Plaintiff has failed to establish Defendant Midland Neurology & Pain Associates, P.A. ("MNPA") is an employer as defined in 42 U.S.C. § 2000e(b); that is, Plaintiff has failed to establish Defendant MNPA had fifteen or more employees for each working day in each of twenty or more calendar weeks of the years in question. The Report finds that five (5) individuals whom Plaintiff contends are employees were not employees during the requisite time period.

Plaintiff's objections consist of reeargument of material considered and properly rejected by the Magistrate Judge. Plaintiff also contends the Report errs in relying on the declaration of Bridget Ogbonnaya to conclude two individuals (Drakeford and Christian) were not employees of MNPA

during the time period in question. *See* Obj. at 3 (ECF No. 69). Plaintiff maintains Ognonnaya's declaration should be discounted because "it lacks in credibility with respect to answering the questions of why Drakeford and Christian are listed on the 2010 and 2011 Census Data Verification Forms and why Midlands Neurology has marked neither of them as terminated." *Id*.

Ogbonnaya indicated in her declaration that she "assume[s Drakeford and Christian are listed on the records of MNPA's third party pension plan administrator's records because] they made retirement contributions when they were employed and still have funds in the plan." Decl. of Bridget A. Ogbonnaya at ¶ 5 (ECF No. 63-1). However, Ogbonnaya specifically states "both of their [Drakeford and Christian] employments ended years ago and long before Melanie Jones was hired." *Id*. at ¶ 4. Moreover, despite full discovery in this matter, Plaintiff has failed to produce any other indicia of employment of these individuals, whether it be W-2 Wage and Tax Statements, listing on payroll records produced by Donald Howard (the certified public accountant who provided tax and payroll services for MNPA), or testimony of Plaintiff herself which might indicate these individuals worked for MNPA during 2010 and/or 2011.

Plaintiff also objects to the Report's finding an absence of a continuing employment relationship between MNPA and Amartha and Haniel Ogburu in 2010. Armartha and Haniel, daughters of Defendant Ogburu Ogbonnaya, were both employed for some period of time beginning in 2010. Plaintiff argues the Report "fails to consider the seasonal nature of Haniel and Amartha's employment," Obj. at 4, which Plaintiff argues makes them employees of MNPA for statutory purposes. However, this objection, together with its cited authority, is unpersuasive in light of the absence of evidence of an ongoing employment relationship.

Therefore, for these reasons and for the reasons stated in the Report, Defendant MNPA is

entitled to summary judgment on Plaintiff's Title VII claims and they are dismissed with prejudice.

### FAIR LABOR STANDARDS ACT CLAIM

The Report finds Defendants have failed to establish Plaintiff agreed to waive her FLSA rights upon acceptance of a check for payment of back wages and that Defendants' motion for summary judgment as to Plaintiff's FLSA claim should be denied. Defendants have not objected to this finding; accordingly, it is adopted, and Defendants' motion for summary judgment on Plaintiff's FLSA claim is denied.

### ASSAULT AND BATTERY CLAIMS

As to Plaintiff's claims of assault and battery, the Report concludes Defendant Ogbonnaya's motion for summary judgment should be denied. Defendant has offered no objection to this finding. Therefore, it is adopted and Defendants' motion for summary judgment as to Plaintiff's claims for assault and battery is denied.

### NEGLIGENT SUPERVISION CLAIM

The Report finds Plaintiff has failed to establish Defendant MNPA was negligent in its supervision of Bridget Ogburu. Plaintiff argues the Report erred in basing its finding on an element of the negligent supervision claim that, according to Plaintiff, Defendant did not contest. Obj. at 5. Defendant MNPA argues in opposition that it specifically included the ground upon which the Report recommends granting summary judgment (that the employer knew or should have known of the necessity and opportunity to exercise control of the employee) in its motion. Reply to Pl's Obj. at 3 (ECF No. 73).

Plaintiff's contention and arguments are unpersuasive. Accordingly, Defendant's motion for summary judgment as to Plaintiff's claim for negligent supervision is granted.

4

**TERMINATION IN VIOLATION OF PUBLIC POLICY**

The Report fails to include an analysis and recommendation regarding whether termination in retaliation for filing for unemployment benefits is a violation of public policy in South Carolina. Accordingly, this matter is re-referred to the Magistrate Judge for a Report and Recommendation on this issue.

**CONCLUSION**

Defendants' motion for summary judgment is **granted in part and denied in part** as discussed above. This matter is re-referred to United States Magistrate Judge Shiva V. Hodges for a Report and Recommendation on whether discharge from employment in retaliation for filing for unemployment benefits is a violation of public policy in South Carolina.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 4, 2013

5